## HOLLIS v. MOORE.

No judgment can be rendered for the plaintiff when there is a good plea in the case unanswered.

*Appeal from Crawford Circuit Court.*

Hon. THOMAS BOLES, Circuit Judge.

JESSE TURNER, for plaintiff in error.

WILLIAM WALKER, contra.

CLENDENIN, J.

The appellee commenced his action of trespass *vi et armis* in the circuit court. The defendant, after service had, appeared and filed three pleas of not guilty, a special plea of justification, and the statute of limitation. The cause was submitted to a jury, and a verdict rendered for the plaintiff. The defendant moved for a new trial, and, upon his motion being overruled, he tendered his bill of exceptions, and appealed.

Upon examining the transcript of the record in this case, we find that there were no issues made up, or tendered to the pleas of the defendant. The pleas, therefore, stood unanswered, and it is certainly a clear proposition that a plaintiff would not be entitled to judgment when there is a good plea in the case unanswered; and this has been the uniform ruling of this court. *Williams, et al., v. Perkins, 21 Ark., 18; Reagan v. Irvin, decided at this term.*

As the record is now before us, we do not feel authorized to decide upon the other points assigned for error. For the error indicated, the case must be reversed, and remanded to the circuit court, with directions to that court to grant the defendant a new trial, and to permit the parties to perfect their pleadings.